## LIABILITY OF ADMINISTRATOR FOR LOSS THROUGH FAILURE OF TITLE.

Circuit Court of Wayne County.

ISAIAH FISHER V. GEORGE FISHER ET AL. *

Decided, February Term, 1911.

*Title—Failure of, as to Land of a Decedent Sold by Her Administrator— Caveat Emptor Not Applicable and Administrator Liable.*

Where an administrator sells at judicial sale land to which his intestate had no title, and the purchaser is ignorant as to the facts regarding the title, an action by the purchaser will lie against the administrator in his individual capacity for the amount paid for the land, and in such a case the administrator can not, in his individual capacity, escape liability by virtue of the doctrine of *caveat emptor.*

*Kean & Adair,* for plaintiff in error.

*L. R. Critchfield, Sr., L. R. Critchfield, Jr.,* and *A. D. Metz,* contra.

VOORHEES, P. J.; SHIELDS, J., and POWELL, J., concur.

This action was brought by Isaiah Fisher against George A. Fisher, in his individual capacity. George A. Fisher was and is the administrator of Margaret Rockey, deceased, and the plaintiff's cause of action grows out of a transaction in which George A. Fisher was acting as the administrator of the estate of said Margaret Rockey, deceased.

The peition sets out in detail the facts upon which the cause· of action is based. Briefly stated, it is a suit against George A. Fisher, in his individual capacity, for fraud and fraudulent acts committed by him in the sale of property, which was made by him as administrator of said estate of Margaret Rockey, deceased, when said decedent in fact had no title or interest in said property at the time of her death. It is conceded that the title to the lands involved in this case was not in Margaret Rockey,

* Affirmed by the Supreme Court without opinion.

and therefore her administrator, the defendant herein, when he sold the property had no interest 'therein, and the deceased, Margaret Rockey, had no title thereto at the time of her death. A sale of the property was made by the defendant, as administrator of said Margaret Rockey, to the plaintiff, and the purchase price therefore to-wit, $1,350, was paid by the plaintiff to the defendant. The purchase price was distributed by the defendant, and later it was discovered that the deceased, Margaret Rockey, had no title or interest in said property. This action was brought against said George A. Fisher to recover from him, individually, said sum so paid by plaintiff as aforesaid.

The cause was tried in the court of common pleas to a jury. Upon the trial, a state of facts was disclosed, substantially as set forth in the petition. Whereupon the court directed a verdict for the defendant—the other defendants having made conveyances to said Isaiah Fisher whereby the action against them was dismissed, so we have no concern as to any parties excepting the plaintiff and the defendant named.

The plaintiff requested the court to charge the jury as follows:

"Gentlemen: I say to you, as a matter of law, that the suit instituted in the probate court by George A. Fisher, as administrator of the estate of Margaret Rockey, deceased, and the proceedings therein to sell said property described in the petition in this case, being null and void for the reason stated, said Margaret Rockey had no title or interest in said property at the time of her death, and the said George A. Fisher did not and could not sell said real estate as such administrator, the said Margaret Rockey, not being seized in fee simple thereof, and if you find from the evidence that said George A. Fisher, as an individual, wrongfully converted and sold said real estate on the 13th day of March, 1907, to Isaiah Fisher and was paid by said Isaiah Fisher the sum of $1,350 therefor, and you further find that in a suit in partition instituted on the 12th day of November, 1900, by Julia A. Rockey, guardian of the Rockey children, minors named in said petition, praying for the partition of said real estate, that the court of common pleas found that said minors were seized in fee simple of the undivided one-fourth of said real estate, and that Julia A. Rockey had dower in said one-fourth; and you further find that said Isaiah Fisher was thus evicted by the order of said court of common pleas in said

partition of said one-fourth of said real estate so sold to the said Isaiah Fisher by the said George A. Fisher, then I say to you that the plaintiff is entitled to recover in this action against the said George A. Fisher and you should find for the plaintiff, and find that there is due the plaintiff from the defendant, George A. Fisher, the one-fourth of the said sum of $1,350, to-wit, the sum of $337.50, with interest at six per cent. per annum from the 13th day of March, 1897, to the first day of this term of court, the 7th day of February, 1910, and the further sum of $323.25, with interest at six per cent. per annum from the 1st day of July, 1904, to the first day of this term of court, being the sum said Isaiah Fisher expended and paid by order of the court in said partition case for costs.''

This request the court refused to give and marked the same refused, to which refusal, to give (as requested by the plaintiff) the plaintiff then and there excepted.

This narrows the case down to a single proposition, namely, whether the defendant, who was selling property as administrator to which his intestate had no title, and receiving the consideration, is liable individually for the consideration so paid on failure of title.

The contention on behalf of the defendant in error is that he is not liable, and that although it is conceded that the title to the property failed, it being a judicial sale, the purchaser is subject to the rule of *caveat emptor* and he must bear the loss. We think there is no question but that that should be true so far as the defendant, as administrator, and the estate he represents are concerned, but not so as to the liability of the defendant individually. The facts that are set forth in the petition are sustained by the evidence, and were embraced in the charge requested, thereby presenting the question, whether or not, under such circumstances, an administrator who sells property to which the deceased had no title or interest, can be held liable individually for the purchase price.

When he filed his petition to sell real estate he represented that his intestate died seized of the property described in the petition, and he necessarily made representations throughout the whole proceedings that the property was the property of

Margaret Rockey, deceased. The plaintiff, not knowing anything to the contrary, purchased the property, paid the money over to the defendant, and the title absolutely fails. Is the defendant liable individually? We think he is. Where an administrator makes representations as to the title of his intestate to the property he is selling, which are untrue, he is responsible to the purchaser who is not cognizant of such facts.

The court is unanimous in its opinion in this case. From the facts as shown in the record the plaintiff is entitled to recover, and it was error in the court to refuse to charge the jury as requested and in directing a verdict for the defendant; and for these reasons the judgment is reversed and cause remanded.

The rule of *caveat emptor* does not apply in a case like this. We think the case of *Mulvey* v. *King*, 39th O. S., p. 491, sustains this holding.